JOHN PAINTER, BARTLEY LA RUE, WILLIAM C. BRANDS and CHARLES H. STRICKLAND, complainants,

*v.*

THE INHABITANTS OF THE TOWNSHIP OF BLAIRSTOWN, and NATHAN S. SMITH and SAMUEL B. LINNABERRY, defendants.

A township committee has no power to direct the township collector not to collect a tax, which, although illegal, has never been set aside, and therefore, if he fails to collect such tax, neither he nor the sureties on his official bond can enjoin an action at law by the township against them, on the ground that such acts of the township committee exonerated them, and estopped the township from suing on the bond for his dereliction.

On motion to dissolve injunction upon answer filed.

The bill is filed by John Painter and the sureties upon two bonds which were given by Painter as collector of the township of Blairstown. It appears that Painter was collector of that township for two terms, one commencing in March, 1883, and the other in March, 1884; that in July, 1883, the trustees of school district No. 73, which comprised that township, by notice, called a special school meeting for the purpose of determining whether lands should be purchased for school purposes, and a school-house should be erected thereon, and whether $3,000 should be raised by tax for those purposes; that a majority of the taxable residents of the school district failed to attend the meeting, which was held pursuant to the notice, but that a majority of those who did attend that meeting voted, among other things, for the levy of a tax to raise the $3,000; that the district clerk certified the proceedings and vote, and the tax was assessed, and the assessor's duplicate was delivered to Painter, so that he might proceed with his collection of the tax; that he collected $700 from tax-payers, who protested that the assessment was illegal and void, and $100 from tax-payers, to whom he

gave a receipt, by which he bound himself to repay the moneys they had paid if the tax should be held to be illegal; that he failed to collect the remainder of the tax, and returned a list of the delinquent tax-payers; that he received a warrant, which required him to levy and raise the unpaid tax, and that he failed to take any action under such warrant, and returned it unexecuted.

The bill alleges that, after he received the warrant, Painter consulted the committee of the township, and was advised by it to confer with its attorney; that he did confer with the attorney, and was advised that the assessment for the tax was void, and he should not attempt to collect it until he should be indemnified for loss in so doing; that he applied to the township committee for indemnity, and was refused, the committee disclaiming any concern in the matter; that he then made similar application to the trustees of the school district, and met with a similar refusal; that he then returned the warrant unexecuted, and notified the township committee that if it would give him the indemnity he desired, an *alias* warrant might issue, and that thereupon the committee replied that he need not further proceed with the collection of the tax; that relying upon this instruction he took no further steps to collect the tax during his term of office.

The answer by the township in its corporate name, and Nathan S. Smith and Samuel B. Linnaberry, who constitute a majority of the township committee, denies the truth of these allegations of the bill, except the allegation in reference to the application to the trustees of the school district and their reply to it, and it disclaims knowledge as to the truth of that allegation.

Suits have been brought upon Painter's bonds, because of his failure to execute the tax warrant and collect the tax.

Upon filing the bill a preliminary injunction was issued, restraining the prosecution of these suits. Motion is now made to dissolve that injunction.

*Mr. L. De Witt Taylor,* for the motion.

*Mr. J. G. Shipman, contra.*

THE CHANCELLOR.

In *Point Pleasant Land Co.* v. *Trustees &c., 18 Vr. 235*, the supreme court of this state held, that the presence of a majority of the taxable residents of a district is necessary to properly constitute a meeting, at which a tax, to buy land for school purposes or to build a new school-house, may be authorized. It appears, then, by the authority of that case, that the tax referred to, was not legal. No steps, however, were taken by any one affected by it to avoid it by the methods prescribed by law. The collector, Painter, upon protest being made, took upon himself the responsibility of treating the assessment as absolutely void, and is now, upon the prosecution of his bonds, called upon to defend his position. In the absence of special equities, which may call for the interposition of this court, he must be left to his defence at law. *Jersey City* v. *Lembeck, 4 Stew. Eq. 255.*

The alleged attitude of the township committee, and the failure of that body and the trustees of the school district to give indemnity, are pressed as creating an equitable estoppel against the township and in favor of the complainants.

I fail to find that either a township committee or the trustees of a school district are required, in any event, to indemnify a collector, or that a township committee has power to authorize such an officer to disregard his duty touching the collection of a tax. The township committee may, in pursuance of the provisions of the supplement to the tax law, approved March 25th, 1881 (*P. L. p. 256*), release him from liability for the collection of uncollectible taxes, and such release may be pleaded as a defence at law, but it has no authority to release him from his duty to use the processes of the law in the collection of that which is collectible. Its power and authority, with reference to both him and the township, are limited by the statute. It has no common law power either to control him or to bind the township.

In *Demarest* v. *New Barbadoes, 11 Vr. 607*, Judge Dodd says: "The committee and the collector both derive their powers solely from the legislature, and each is presumed to know the limit of the powers possessed by the other. The committee are the agents

of the township only so far as they act within the express pro-
visions of the law."

If, then, the township committee instructed him not to collect
the tax in question, the instruction created no estoppel either in
law or in equity against the township, the obligee in the bond.

If this view of the law were not sufficient to show the fallacy
of the defendants' position, the complete denial, by the answer,
of the allegations upon which the equity they claim rests, would
justify the dissolution of the injunction.

The injunction will be dissolved, with costs.